UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN CHAPDELAINE,<br><br>        Plaintiff,<br><br>  v.<br><br>INSTITUTIONAL SERGEANT OF R&R, et al.,<br><br>        Defendants. | No. 1:23-cv-01396 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER DIRECTING CLERK OF COURT TO:<br><br>(1) RANDOMLY ASSIGN DISTRICT JUDGE TO THIS MATTER, AND<br><br>(2) MAIL AND SERVE COPY OF THIS ORDER<br><br>ORDER RECOMMENDING THAT THIS MATTER BE SUMMARILY DISMISSED |

Plaintiff, formerly a state prisoner proceeding pro se, brought this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The record indicates that after this action was *brought*, but **before**: 1) an application to proceed in forma pauperis status was filed, or the filing fee being paid, and; 2) before the matter was screened, Plaintiff passed away. See ECF No. 5 (order to show cause regarding failure to pay filing fee or file in forma pauperis application); ECF No. 8 at 4 (coroner's report).

For the reasons stated below the undersigned will recommend that this matter be

summarily dismissed for lack of jurisdiction.  In addition, the Clerk of Court will be directed to mail a copy of this order to Plaintiff's possible successor-in-interest and/or representative as identified herein, and to also serve a copy of this order on the appropriate individual at the Office of the Attorney General in Sacramento, California.

## I. RELEVANT FACTS

In a December 28, 2023 filing, and in compliance with the Court's order, the California Department of Corrections and Rehabilitation confirmed that Plaintiff has passed away.  See ECF Nos. 7, 8 (court order and response to same, respectively).  Attached to the filing was a coroner's report from the Monterey County Sheriff's Office which verified that Plaintiff is deceased.  ECF No. 8 at 4.

## II. DISCUSSION

Normally, when a party to a case dies during an action, Federal Rule of Civil Procedure 25(a) governs the substitution of parties.  It states in relevant part:

> (1) Substitution if the Claim Is Not Extinguished.  If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). However, in this case and prior to Plaintiff's death, Plaintiff had neither paid the filing fee in full nor filed an application to proceed in forma pauperis, as is statutorily required, and thus this case was not formally *filed* (as opposed to simply being *brought,* see below).  See 28 U.S.C. §§ 1914, 1915 (filing fee requirements).  In addition, because this matter had not yet been *screened* by the Court, there had been no determination made at the time of Plaintiff's death whether any viable claims were properly raised against Defendant Warden McVay, and/or against any of the three yet-to-be identified Doe Defendants.  See generally ECF No. 1 at 1-3 (complaint naming four Defendants); see also O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008) (stating complaint filed only after court identifies cognizable claims); Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) (stating matter not filed until fee paid or in forma

1   pauperis status granted and matter passes statutory screening).  In sum, because of the above

2   status of this case at the time of Plaintiff's death, there was no statutorily recognized *filed*

3   complaint, and as such the court herein lacks jurisdiction to proceed further with the case--and

4   which also results in Fed. R. Civ. P. 25 being inapplicable.

5         "A court must have the power to decide the claim before it (subject matter jurisdiction)

6   and power over the parties before it (personal jurisdiction) before it can resolve a case."

7   Lightfoot v. Cendant Mortgage Corp., 580 U.S. 82, 95 (2017) (citation omitted); Becker v. Ute

8   Indian Tribe of the Uintah and Ouray Reservation, 868 F.3d 1199, 1207 (10th Cir. 2017) (Hartz,

9   J. concurring) (quoting Lightfoot); Greenfiled MHP Associates, L.P. v. Ametek, Inc., No. 3:15-

10  cv-01525 GPC AGS, 2018 WL 538961, at *3 (S.D. Cal. Jan. 24, 2018) (citing Lightfoot).  "[O]ne

11  becomes a party officially, and is required to take action in that capacity, only upon service of a

12  summons or other authority-asserting measure stating the time within which the party served must

13  appear and defend."  Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350

14  (1999) (brackets added); see also Life Technologies Corp. v. Govindaraj, 931 F.3d 259, 264 (4th

15  Cir. 2019) (citing Murphy Bros., Inc.); Beckett v. Scalia, No. 1:20-cv-01468 CDB (PC), 2023

16  WL 6393083, at *1 (E.D. Cal. Oct. 2, 2023) (citing same); Doe v. Mast, No. 3:22-cv-00049, 2023

17  WL 4492466, at *3 (W.D. Va. July 12, 2023) (citing same).

18        Again, given these facts and the applicable law, when considering the possible

19  substitution of parties under Rule 25(a), because the instant complaint had yet to be screened

20  there are no existing claims, nor are there any defendant parties upon whom a motion for

21  substitution could be served.  Thus, besides finding Rule 25 to be inapplicable the Court will

22  recommend that this matter be summarily dismissed for lack of jurisdiction.  In addition, the

23  Clerk of Court will be directed to:  (1) send a copy of this order to Plaintiff's possible successor-

24  in-interest and/or representative who is identified in ECF No. 6 (SEALED EVENT) at the address

25  provided at ECF No. 6 at 2, and (2) serve a copy of this order on the Office of the Attorney

26  General in Sacramento, California.

27        Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall:

28        1.  Randomly assign a District Judge to this action;

2.   Mail a copy of the order to Plaintiff possible successor-in-interest and/or representative identified in ECF No. 6 at 2 (SEALED EVENT), and

3.   Serve a copy of this order on R. Lawrence Bragg, Supervising Deputy Attorney General at the Office of the Attorney General in Sacramento, California.

IT IS FURTHER RECOMMENDED that this matter be SUMMARILY DISMISSED for lack of jurisdiction.[1]

IT IS SO ORDERED.

Dated:   **March 6, 2024**           **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Because there are no parties who are able to lawfully object to this order, no period to do so is allotted.

4